**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMILA REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01796 CDP |
| | ) | |
| NORTH COUNTY COOPERATIVE | ) | |
| POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Jamila Reeves' Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. Also before the Court is Plaintiff's Motion for Appointment of Counsel. [ECF No. 3]. Having reviewed the Application and the financial information provided, the Court has determined that Plaintiff is unable to pay the filing fee. The Court will therefore grant the Application and waive the filing fee. Additionally, for the reasons discussed below, the Court will order the Plaintiff to amend her Complaint on a Court-provided Prisoner Civil Rights Form in a manner compliant with this Order. *See* E.D.Mo. L.R. 2.06(A).

### The Complaint

Plaintiff Jamila Reeves brings this action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act against the North County Cooperative Police Department, the North County Cooperative, Officer Unknown Blackwell and John Doe Police Officers 1-3, alleging that on December 20, 2022, she was subjected to excessive force during a welfare check at a private residence in St. Louis, Missouri. Plaintiff alleges that when she was suffering from "severe and debilitating anxiety" and refused

to be transported to the hospital, unnamed officers from the North County Cooperative Police Department "initiated an unauthorized and unnecessary physical response" and "forcibly restrained her." Plaintiff believes that she was exposed to excessive force by the unnamed officers, as well as unlawfully seized and subjected to assault and battery. Plaintiff also asserts that the North County Cooperative (as an entity that operates, oversees and/or funds the North County Cooperative Police Department), should be held liable for either failure to train or unlawful custom or practice under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Last, Plaintiff alleges disability discrimination against Defendants the North County Cooperative and the North County Cooperative Police Department under both the ADA and the Rehabilitation Act.

Plaintiff seeks compensatory and punitive damages in this action.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v.*

2

*Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Because many of Plaintiff's assertions in this action fail to state a claim for relief, and her claims must be contained on a Court-provided form, Plaintiff will be required to amend her Complaint on a Prisoner Civil Rights Form. *See* E.D.Mo. L.R. 2.06(A). When amending her Complaint, Plaintiff should bear in mind the following.

The North County Police Cooperative is a regional law enforcement agency in St. Louis County, Missouri, created to provide shared, community-oriented police services to multiple municipalities. The Cooperative patrols several communities in North St. Louis County, including Vinita Park, Wellston, Pine Lawn, Beverly Hills and Velda Village Hills. In Missouri, a "cooperative" is legally considered an unincorporated department or mere operating arm of the

3

city government, and as such, it lacks a distinct corporate existence separate from the municipalities that created it. Thus, both the North County Cooperative Police Department and the North County Cooperative are not legally subject to suit. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming dismissal of county jail and sheriff's department as non-suable entities).

Plaintiff makes generalized allegations against all the Defendants in her Complaint, but she fails to specifically link any of the allegations to any one particular Defendant. In general, fictitious parties (such as John Does) may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution"). An action may proceed against a party whose name is unknown, however, if the Complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff should only name Unknown or John Doe Defendants in her Amended Complaint, if she can make sufficiently specific allegations against them.

In addition, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).  As such, Plaintiff should only name defendants in her Amended Complaint that are casually linked to, or directly responsible for, the deprivation of rights alleged

4

in the claims she has decided to pursue in this case. Plaintiff cannot hold Defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

Additionally, a governmental entity can be sued directly under § 1983 for an alleged violation of a custom or policy or failure to train. *See Monell*, 436 U.S. at 690. However, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. To state a claim under § 1983 against a municipality, Plaintiff must allege that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Plaintiff here appears to be attempting to allege a failure to train. However, to demonstrate deliberate indifference for purposes of failure to train, a plaintiff must show a "pattern of similar constitutional violations by untrained employees."  *S.M. v Lincoln Cnty.,* 874 F.3d 581, 585 (8th Cir. 2017). If Plaintiff chooses to pursue a claim against a municipality in her Amended Complaint, she must plead facts suggesting such a pattern.

Last, Plaintiff has not provided enough facts in her Complaint tending to establish that she is a qualified individual with a disability who suffered exclusion or any other form of discrimination by reason of such disability, let alone a failure to accommodate by unnamed officers because of an alleged disability.

### Instructions for Amending the Complaint

Plaintiff must type or neatly print her Amended Complaint on the Court's Prisoner Civil Rights Complaint Form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A). Plaintiff should bear in mind that her Amended Complaint will entirely replace the original, so she must

5

include every claim she wishes to pursue in the amended pleading. *See, e.g., In re Wireless Telephone Federal Cost recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims not included in an Amended Complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff is further advised that allegations in an Amended Complaint may not be conclusory, meaning that Plaintiff must plead facts that show how each Defendant is personally involved in or directly responsible for the alleged harm. If Plaintiff wishes to sue a Defendant in his or her individual capacity or official capacity, Plaintiff must specifically say so in his Amended Complaint.

In the "Caption" section of the form, Plaintiff should write the name of any Defendant she intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must specify whether she sues each Defendant in his official or individual capacity. Failure to sue a Defendant in his or her ndividual capacity may result in the dismissal of that Defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing a Defendant's name. Then, in separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting her claim against that Defendant, and (2) state what constitutional or federal statutory right(s) that Defendant violated. If Plaintiff is suing more than one Defendant, she shall proceed similarly with each one, separately writing each Defendant's name and, under that name, in numbered paragraphs, the allegations specific to that Defendant and the right(s) that Defendant violated. Plaintiff should avoid including unnecessary detail in the Amended Complaint. Plaintiff will have the opportunity to present evidence and argument in support of her claims if the case proceeds to the next stage of litigation.

If Plaintiff names a single Defendant, she may set forth as many claims as he has against that Defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one Defendant, she may

include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claims. Plaintiff must allege facts explaining how each Defendant was personally involved in or directly responsible for harming her. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of each Defendant sufficiently to provide notice to the Defendant regarding what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'").

If Plaintiff fails to file an Amended Complaint on the Court-form within 30 days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

### Motion for Appointment of Counsel

Plaintiff also filed a Motion for Appointment of Counsel. [ECF No. 3]. The motion will be denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of

7

conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips,* 437 F.3d at 794).

On review of the factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has yet to file a Complaint that survives initial review. There is no indication that Plaintiff is unable to present her claims, and neither the factual nor the legal issues in this case appear to be especially complex.  Because the Court recognizes that circumstances may change, her Motion for Counsel is denied without prejudice, meaning that the Court might reconsider appointing counsel if it becomes appropriate as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [ECF No. 2] **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a copy of the Court-provided form for filing a Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that **within 30 days of the date of this Memorandum and Order,** Plaintiff is required to file an Amended Complaint on a Prisoner Civil Rights Complaint form in accordance with this Court's instructions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, [ECF No. 3] is **DENIED without prejudice at this time**.

**IT IS FINALLY ORDERED** that Plaintiff's failure to comply with this Order in all relevant aspects will result in a dismissal of this action without prejudice.

Dated this 13th day of July, 2026.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

8